**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. ED CV 18-01316-DOC (KKx)                    Date: October 1, 2018

Title: JOHN ARNAUD v. LITTLE CAESAR ENTERPRISES, INC., ET AL.

---

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING MOTION TO DISMISS AS MOOT [14] [11]

Before the Court is Plaintiff John Arnaud's ("Arnaud" or "Plaintiff") Motion to Remand ("Motion to Remand") (Dkt. 14) and Defendants Little Caesar Enterprises, Inc. ("Caesar") and Sylvia Delos Santos's ("Santos") Motion to Dismiss Fourth and Fifth Causes of Action ("Motion to Dismiss") (Dkt. 11). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS Plaintiff's Motion to Remand and DENIES AS MOOT Defendants' Motion to Dismiss.

**I.   Background**

**A.   Facts**

The Court adopts the facts as set out in Plaintiff's Complaint ("Compl.") (Dkt. 1-1). In April 2009, Arnaud began working for Caesar as a general manager at a pizza store

in Ontario, California. Compl. ¶ 8. In November 2011, Arnaud was provided with a management training booklet that contained racially insensitive depictions of African-Americans. *Id*. ¶ 9. Arnaud found the depictions of African-American individuals to be "racially insensitive caricatures that negatively accentuated false physical stereotypes that have been improperly attributed to African-Americans in a racist manner." *Id*. Arnaud was alerted to these racially insensitive depictions after his non-African-American coworkers began laughing at the depictions during a meeting. *Id*.

Arnaud made a complaint to his direct supervisor regarding the racially insensitive imagery and the harassment he experienced at the meeting. *Id*. Nothing was done in response and the booklet continued to be used and distributed to other general managers. *Id*. Shortly thereafter Defendant moved Arnaud to a new store. *Id*.

In January 2012, Arnaud made a formal complaint to Defendant's human resources department regarding the imagery in the booklet and a secondary incident where his new direct supervisor had referred to him by the racially derogatory term of "blackie." *Id*. ¶ 10. In July 2012, Arnaud received his first poor evaluation. *Id*. ¶ 11. The performance evaluation was later changed and marked significantly higher. *Id*.

Arnaud suffered a workplace injury on August 28, 2014. *Id*. ¶ 14. From September 9, 2014 until April 25, 2015, Defendant allowed Arnaud to work with several restrictions and accommodations. *Id*. ¶ 16.

On December 23, 2014, Arnaud filed a charge of race-based discrimination and retaliation with the California Department of Fair Employment and Housing ("DFEH") and the United States Equal Employment Opportunity Commission ("EEOC") based on what he had experienced as an African-American employee and the adverse employment actions taken against him for making an internal complaint regarding racial harassment and discrimination. *Id*. ¶ 17.

On June 9, 2015, Arnaud underwent surgical procedures and was unable to work for several months thereafter. *Id*. ¶ 19. On September 28, 2015, Arnaud received a note from his doctor allowing him to return to work subject to certain restrictions, which were consistent with accommodations regularly made for non-African-American employees. *Id*. ¶ 21. Defendant refused to let Arnaud return to work and insisted that he stay on disability leave. *Id*. Defendant maintained this position through March 2016. *See id*. ¶¶ 20–35.

In April 2016, Arnuad provided Defendant with a report from a qualified medical examiner. *Id*. ¶ 37. Defendant maintained its position and suggested Arnaud undergo additional surgery despite the expiration of its medical insurance coverage. *See id*. ¶¶ 38–43. On April 5, 2017, Defendant allowed Arnaud to return to work with restrictions and accommodations that were essentially the same as those contained in a February 2, 2016 doctor's note previously provided to Defendant. *Id*. ¶ 45.

On April 26, 2017, Arnaud was issued a Colleague Corrective Action Report ("CCAR") for "unsatisfactory" performance. *Id*. ¶ 46. Defendant Santos, a regional human resources manager, signed and delivered the CCAR. *Id*. ¶¶ 3, 46. The CCAR contained inaccurate information and directly contradicted high-performance reviews that Arnaud had previously received. *Id.* The write-up stated that Arnaud was attempting to provoke management and refusing to work. *Id*. Arnaud was written up for asking to use a vacation day on his birthday, even though the request was granted, and for reporting that he was being underpaid. *Id.* ¶ 47.

Following the write-up, Santos made additional oral defamatory statements regarding Arnaud to other Caesar employees. *Id*. ¶ 48. Various supervisors and human resource managers have also made false statements regarding Arnaud's personal and work activities to other Caesar employees. *Id*. ¶ 49.

### B.　Procedural History

On April 26, 2018, Plaintiff filed the Complaint in the Superior Court of California, County of San Bernardino. *See* Compl. Plaintiff brings five state-law claims: (1) retaliation against Caesar; (2) race discrimination against Caesar; (3) failure to accommodate against Caesar; (4) intentional infliction of emotional distress ("IIED") against Caesar and Santos; and (5) defamation against Caesar and Santos. *Id.* ¶¶ 53–89.

On June 19, 2018, Defendants removed the case to this Court based on diversity jurisdiction. *See* Not. of Removal (Dkt. 1). On June 26, 2018, Defendants filed the Motion to Dismiss. On August 6, 2018, Plaintiff opposed ("Opp'n to Mot. to Dismiss") (Dkt. 15), and on August 13, 2018, Defendants replied ("Reply ISO Mot. to Dismiss") (Dkt. 18).

On July 19, 2018, Plaintiff filed the Motion to Remand. On August 6, 2018, Defendants opposed ("Opp'n to Mot. to Remand") (Dkt. 16), and on August 13, 2018, Plaintiff replied ("Reply ISO Mot. to Remand") (Dkt. 17).

## II.　　Legal Standard

### A.　　Motion to Remand

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States," and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, meaning that no plaintiff can be from the same state as a defendant. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Thus, a case ordinarily cannot be removed to the federal court if a plaintiff and a defendant are citizens of the same state. *See* 28 U.S.C. § 1332(a). However, removal is proper despite the presence of a non-diverse defendant where that defendant is fraudulently joined as a sham defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Comp. Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

The "general presumption" is that the inclusion of a defendant residing in the same state as the plaintiff is not for the sole purpose of defeating diversity jurisdiction. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). This presumption requires defendants to "do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted). Defendant must also show that, even if a plaintiff's claims do not meet the necessary pleading requirements at the time of removal, he "could not re-allege at least one of them to do so." *Suelen v. Wells Fargo Bank, N.A.*, No. C-13-002 MEJ, 2013 WL 1320697, at *4 (N.D. Cal. Apr. 1, 2013). "[R]emand must be granted unless the defendant shows that the

plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id.* Lastly, a fraudulent joinder "must be proven by clear and convincing evidence." *Hamilton Materials, Inc.*, 494 F.3d at 1206.

### B. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, courts may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002). Courts may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### III.　　Discussion

The threshold issue in this case is whether the Court has subject matter jurisdiction. Defendants removed the action to this Court on the grounds that non-diverse Defendant Santos was fraudulently joined.[1] *See* Not. Of Rem. at 3. According to Defendant, Plaintiff cannot state a claim for defamation or IIED against Santos because (1) the defamation claim is subject to the common interest privilege; (2) plaintiff pleads no outrageous conduct and the IIED claim is superfluous; and (3) the California Workers' Compensation Act provides the exclusive remedy for an IIED claim in this employment context. Not. of Removal at 4–11; Mot. to Dismiss at 4–11. Plaintiff argues that Santos is not a "sham defendant" and that the two causes of action asserted against her are viable and adequately pled. Mot. to Remand at 1.

The Court begins by addressing whether Plaintiff could possibly recover against non-diverse Defendant Santos on her defamation claim. *See AT&T Corp.*, 298 F.3d at 761 ("If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent[.]").

### A.　　Defamation

In his Complaint, Plaintiff alleges that Defendant Santos made false oral and written defamatory statements to other Caesar employees. *See* Compl. ¶¶ 48, 82. Plaintiff also alleges that "various supervisors and human resource managers" falsely made statements regarding Arnaud's personal and work activities to other employees. *Id*. ¶ 84. The allegedly defamatory statements included that Arnaud had unsatisfactory performance, was attempting to provoke management, was refusing to work, and that his conduct was "unacceptable."[2] *Id*. ¶ 82.

Defendants argue that Plaintiff fails to state a claim for defamation because the statements are subject to the common interest privilege and are opinions as opposed to defamatory facts.[3] Opp'n to Mot. to Remand 1–10. According to Plaintiff, the statements

---

[1] The parties do not dispute that both Arnaud and Santos are citizens of California. *See* Not. of Removal at 12.
[2] Plaintiff also filed a declaration in support of the Motion to Remand ("Arnaud Decl.") (Dkt. 14-4) stating that Defendant Santos falsely told other employees that he had mistreated a pregnant coworker. Arnaud Decl. ¶ 6.
[3] Defendants argued in their notice of removal that the defamation action may be time-barred. Not. of Removal at 8. But Plaintiff filed the action on April 26, 2018, within the one-year statute of limitations. *See* Cal. Civ. Proc. Code § 340(c).

made to Caesar employees do not fall under the common interest privilege and even if they do, the statements were made with malice and are thus exempted. Mot. to Remand at 6–7. Moreover, Plaintiff argues that the statements were factual and not merely opinions. *Id*. at 8–9.

      "Under California law, defamation is 'the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damages.'" *Makaeff v. Trump University, LLC*, 715 F.3d 254, 264 (9th Cir. 2013) (quoting *Ringler Assocs., Inc. v. Md. Cas. Co.,* 80 Cal. App. 4th 1165 (2000)). California Civil Code § 47(c) renders privileged communications made without malice on subjects of mutual interest. Cal. Civ. Code § 47(c). The common-interest privilege explicitly applies to nonmalicious communications within a company concerning the job performance of a current employee, *see Rudwall v. Blackrock, Inc.*, 289 Fed. Appx. 240, 241 (9th Cir. 2008), and to managers' communications to colleagues about employees. *See, e.g., Blount v. San Ramon Royal Vista Golf Courses, Inc.*, 1999 WL 300684, at *3-4 (N.D. Cal. May 7, 1999) (holding that the comment, "I think she's stealing from us," made by a manager to a colleague about an employee "is paradigmatic . . . of the manager's privilege"). The malice necessary to defeat a qualified privilege is actual malice, which is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff[.]" *Tuas v. Loftus*, 40 Cal.4th 683, 721 (2007) (citation omitted).

      First, Plaintiff argues that the statements at issue are not protected by the common interest privilege because they were not reasonably calculated to promote the common interest Santos shared with the recipients, which for most employees "is making and selling pizzas[.]" Reply ISO Mot. to Remand at 2. According to Plaintiff, while it is "arguable that some of the alleged statements could potentially fall under the conditional common interest privilege, the statements made about Mr. Arnaud's personal behavior and overall conduct, particularly statements made to employees that were not Mr. Arnaud's supervisors or would have no need or reason to know such information as it was unrelated to the business of selling pizzas, would not fall under this privilege." Mot. to Remand at 6. Defendants argue that the statements at issue are subject to the common interest privilege because they were made in connection with the CCAR employee report. Opp'n to Mot. to Remand at 2. Defendants point to Paragraph 48 of the Complaint, which provides: "Following this write-up, and in connection with this write-up, Defendant Santos made additional oral defamatory statements regarding Mr. Arnaud to Dave Anderson and other employees of Defendant Caesar." *See id.* Thus according to Defendants, on the face of the Complaint Plaintiff admits that the alleged defamatory

statements were made in connection with the evaluation of Arnaud's performance and are therefore privileged. *Id*.

      Second, Plaintiff argues that even if some of the alleged defamatory statements are subject to the common interest privilege, Arnaud has properly pled that the statements were made with malice, extinguishing the privilege's applicability. Mot. to Remand at 7. Plaintiff argues that Arnaud was subjected to a pattern of retaliatory behavior for a charge of racial harassment and that Defendant Santos continued to engage in this pattern of retaliation and discrimination when Arnaud returned to work. *Id*. (citing Compl. ¶¶ 9-45, 47, 49-51, 55-60, and 64-67). According to Plaintiff, Santos made the statements with the knowledge that they were both without merit and would tend to injure Arnaud, falling within a larger design of retaliation and harassment. *Id*. Defendant responds that Plaintiff has failed to allege malice with specificity and only provides the conclusory statement that Defendant Santos made the comments with malice.

      The Court finds that several of the alleged defamatory statements clearly relate to the CCAR and would be subject to the common interest privilege absent a showing of actual malice. *See* Compl. ¶ 48 (acknowledging that statements were made in connection with the CCAR). For example, an alleged defamatory statement concerning Arnaud's job performance by a human resources employee clearly falls within the statutory privilege. *See* Compl. ¶ 82 ("Arnaud had unsatisfactory performance[.]"). But the Court need not determine whether each alleged statement is protected by the common interest privilege because Plaintiff has sufficiently pled actual malice. Plaintiff alleges that Arnaud was subject to a pattern of retaliation. Defendant Santos's alleged statements are a part of that described retaliatory behavior. Thus regardless of whether the statements were made within the scope of the statute's privilege, Defendant cannot escape liability on the defamation claim at this stage. Plaintiff has sufficiently pled a series of retaliatory actions culminating with Santos's allegedly defamatory statements.

      The Court is also not persuaded by Defendants' argument that the alleged statements cannot be defamatory on the face of the complaint because they are merely opinions as opposed to facts. As alleged, the statements can amount to an intentional publication of a statement of fact that is false. *See Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 965 (holding that an employer's performance evaluation can support a cause of action for libel where it falsely accuses an employee of lack of integrity, dishonesty, incompetence, or reprehensible personal characteristics or behavior). Whether Arnaud was refusing to work after returning to his employment after a medical leave is a statement of fact capable of being provably false.

### B. IIED

Having determined that Plaintiff has pled a valid claim against Defendant for defamation, the Court briefly addresses the remaining arguments regarding IIED.

Plaintiff argues that Defendant Santos intentionally inflicted emotional distress upon him by abusing their employer relationship with outrageous conduct. Compl. ¶ 77. Defendant argues that Plaintiff has failed to sufficiently plead outrageous conduct, and that even if Plaintiff could sustain a pleading of outrageous conduct, the exclusive remedy is under the California's Workers' Compensation Act. Opp'n to Mot. to remand at 10–14. Plaintiff responds that the retaliatory and discriminatory behavior removes this remedy form the California Workers' Compensation Act because it falls outside the normal course of employment. Mot. to Remand at 13.

"[C]laims for negligent and intentional infliction of emotional distress made within the context of the employment relationship are within the exclusive remedy provisions of the California Workers' Compensation Act." *Schaffer v. GTE, Inc.,* 40 F. App'x 552, 557 (9th Cir. 2002). However, a "claim for [intentional infliction of emotional] distress arising out of employment is 'not barred where the distress is engendered by an employer's illegal discrimination practices.'" *Nazir v. United Airlines, Inc.,* 178 Cal. App. 4th 243, 288 (2009) (citation omitted). "Neither discrimination nor harassment is a normal incident of employment." *Id.* (citing *Jones v. Los Angeles Community College Dist.,* 198 Cal. App. 3d 794, 805 (1988)).

Plaintiff's current iteration of the complaint does not contain sufficient information to demonstrate outrageous conduct by Defendant Santos. However, based on the information in the Arnaud Declaration and the pattern of discriminatory behavior alleged against Defendant Caesar, Plaintiff has shown an ability to amend his complaint in order to state a valid claim for IIED. The Court thus finds remand appropriate on this ground alone.

## IV. Costs and Fees

Following remand of a case upon unsuccessful removal, the district court may, in its discretion, award attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be

denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court declines to award attorney's fees because Defendant's removal was objectively reasonable.

## V.    Motion to Dismiss

In light of the Court's decision to grant Plaintiff's Motion to Remand, the Court lacks subject matter jurisdiction to decide Defendant's Motion to Dismiss. The Court thus DENIES AS MOOT the Motion to Dismiss.

## VI.    Disposition

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remand and REMANDS this action to the Superior Court of the State of California, County of San Bernardino. The Court DENIES AS MOOT Defendants' Motion to Dismiss.

The Clerk shall serve this minute order on the parties.